# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: <u>1:11−cr−00143−ARR−RLM−4</u>

Case title: USA v. Tripodi et al

Date Filed: 02/28/2011
Date Terminated: 01/27/2017

Assigned to: Judge Allyne R. Ross
Referred to: Magistrate Judge
Roanne L. Mann

**<u>Defendant (4)</u>**

**William Taylor**
*TERMINATED: 01/27/2017*

represented by **Anthony J. Martone**
Anthony J. Martone, Attorney at Law
80−02 Kew Gardens Road, Suite 1030
Kew Gardens, NY 11415
718−520−7956
Fax: 718−793−0165
Email: ajmartone@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| HEALTH CARE FRAUD<br>(5) | defendant is sentenced to 3 years Probation;<br>special assessment fee of $100.00; fine in the<br>amount of $7,500.00; and restitution in the amount<br>of $4,836.45 |

**<u>Highest Offense Level (Opening)</u>**

Felony

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| CONSPIRACY TO DEFRAUD<br>THE UNITED STATES<br>(1) | dismissed by Government's motion |
| THEFT OR EMBEZZLEMENT<br>FROM EMPLOYEE BENEFIT<br>PLAN<br>(2) | dismissed by Government's motion |
| HEALTH CARE FRAUD<br>(6−9) | dismissed by Government's motion |

**<u>Highest Offense Level<br>(Terminated)</u>**

USCA2 1

Felony

**Complaints**                                              **Disposition**

None

---

**Plaintiff**

**USA**                              represented by   **Anthony M. Capozzolo**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718−254−6454
Fax: 718−254−6669
Email: anthony.capozzolo@usdoj.gov
*TERMINATED: 06/01/2015*
*ATTORNEY TO BE NOTICED*

**Claire S. Kedeshian**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201−1820
(718) 254−7000
Fax: (718) 254−6081
Email: claire.kedeshian@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Peter A Laserna**
U.S. Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718−254−6152
Fax: 718−254−8702
Email: peter.laserna@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Robert Polemeni**
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718−254−6044
Fax: 718−254−6076
Email: robert.polemeni@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|

| 03/05/2012 | | | Case sealed as to John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth (Nanry, J.) Modified on 3/8/2012 to change date (Guzzi, Roseann). (Entered: 03/08/2012) |
|---|---|---|---|
| 03/05/2012 | 34 | 9 | SUPERSEDING INDICTMENT (S−1) as to Stephen D. Tripodi (1) count(s) 1s, 2s, 4s, John Farnsworth (2) count(s) 1, 2, 3, Toni Thomson (3) count(s) 1, 2, William Taylor (4) count(s) 1, 2, 5−9, Nicholas Farnsworth (5) count(s) 1, 2. (Attachments: # 1 Criminal Information Sheet) (Guzzi, Roseann) (Entered: 03/08/2012) |
| 03/08/2012 | 35 | | UNSEALING ORDER dated 3/8/12 as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth. ( Ordered by Magistrate Judge Robert M. Levy on 3/8/2012 ) (Guzzi, Roseann) (Entered: 03/08/2012) |
| 03/08/2012 | 36 | | Minute Entry for proceedings held before Senior Judge Allyne R. Ross: Arraignment on Superseding as to Stephen D. Tripodi (1) Count 1s,2s,4s and John Farnsworth (2) Count 1,2,3 and Toni Thomson (3) Count 1,2 and William Taylor (4) Count 1,2,5−9 held on 3/8/2012, Initial Appearance Stephen Tripodi, John Farnsworth, Toni Thomson, William Taylor held on 3/8/2012, Plea entered by John Farnsworth (2) Count 1,2,3 and Toni Thomson (3) Count 1,2 and William Taylor (4) Count 1,2,5−9 by Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor Not Guilty on superseding counts. ( Status Conference set for 4/25/2012 at 11:30 AM in Courtroom 8C South before Senior Judge Allyne R. Ross.) Order of speedy trial entered. (Court Reporter Marsha Diamond.) (Guzzi, Roseann) (Entered: 03/09/2012) |
| 03/08/2012 | 37 | | ORDER OF EXCLUDABLE DELAY − Ends of Justice as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor Time excluded from 3/8/12 until 4/25/12. ( Ordered by Senior Judge Allyne R. Ross on 3/8/2012 ) (Guzzi, Roseann) (Entered: 03/09/2012) |
| 03/08/2012 | | | Attorney update in case as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor. Attorney James Kousouros for John Farnsworth,Ronald Rubenstein for Toni Thomson,Anthony J. Martone for William Taylor added. Attorney Curtis J. La Forge terminated. (Guzzi, Roseann) (Entered: 03/09/2012) |
| 03/12/2012 | 38 | | ORDER Setting Conditions of Release as to William Taylor (4) 100,000. ( Ordered by Senior Judge Allyne R. Ross on 3/5/2012 ) (Guzzi, Roseann) (Entered: 03/12/2012) |
| 04/13/2012 | 48 | | Arrest Warrants Returned Executed in case as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth. (Guzzi, Roseann) (Entered: 04/13/2012) |
| 04/25/2012 | 51 | | Minute Entry for proceedings held before Senior Judge Allyne R. Ross: Status Conference as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth held on 4/25/2012, ( Status Conference set for 6/4/2012 at 11:30 AM before Senior Judge Allyne R. Ross.) Order of excludable delay entered. (Court Reporter Gene Rudolph.) (Guzzi, Roseann) (Entered: 04/25/2012) |
| 04/25/2012 | 52 | | ORDER OF EXCLUDABLE DELAY − Ends of Justice as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas |

| | | | |
|---|---|---|---|
| | | | Farnsworth Time excluded from 4/25/12 until 6/4/12. ( Ordered by Senior Judge Allyne R. Ross on 4/25/2012 ) (Guzzi, Roseann) (Entered: 04/25/2012) |
| 05/23/2012 | 54 | | Letter *re discovery* as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth (Capozzolo, Anthony) (Entered: 05/23/2012) |
| 06/04/2012 | 55 | | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack: Status Conference as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth held on 6/4/2012. ( Status Conference set for 7/10/2012 at 02:00 PM in Courtroom 6E North before Magistrate Judge Joan M. Azrack.) Order of excludable delay entered. (Guzzi, Roseann) (Entered: 06/05/2012) |
| 06/04/2012 | 56 | | ORDER OF EXCLUDABLE DELAY − Ends of Justice as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth Time excluded from 6/4/12 until 7/10/12. ( Ordered by Magistrate Judge Joan M. Azrack on 6/4/12 ) (Guzzi, Roseann) (Entered: 06/05/2012) |
| 06/13/2012 | 57 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth held on 4/25/12, before Judge Ross. Court Reporter/Transcriber G. Rudolph, Telephone number 718− 613−2538. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/5/2012. Redacted Transcript Deadline set for 7/16/2012. Release of Transcript Restriction set for 9/11/2012. (Rudolph, Gene) (Entered: 06/13/2012) |
| 06/24/2012 | 58 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth held on Septe,ber 20, 2011, before Judge Ross. Court Reporter/Transcriber Burt Sulzer, Telephone number 718 613−2481. Email address: bsulzer@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/16/2012. Redacted Transcript Deadline set for 7/25/2012. Release of Transcript Restriction set for 9/24/2012. (Sulzer, Burt) (Entered: 06/24/2012) |
| 06/24/2012 | 59 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth held on January 9, 2012, before Judge Ross. Court Reporter/Transcriber Burt Sulzer, Telephone number 718 613−2481. Email address: bsulzer@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/16/2012. Redacted Transcript Deadline set for 7/25/2012. Release of Transcript Restriction set for 9/24/2012. (Sulzer, Burt) (Entered: 06/24/2012) |
| 07/10/2012 | 60 | | Minute Entry for proceedings held before Judge Allyne R. Ross: Status Conference as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, |

| | | |
|---|---|---|
| | | William Taylor, Nicholas Farnsworth held on 7/10/2012. ( Status Conference set for 8/7/2012 02:30 PM in Courtroom 8C South before Judge Allyne R. Ross.) Order of speedy trial entered. (Court Reporter Marsha Diamond.) (Guzzi, Roseann) (Entered: 07/12/2012) |
| 07/10/2012 | 61 | ORDER OF EXCLUDABLE DELAY− Ends of Justice as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth Time excluded from 7/10/12 until 8/7/12. ( Ordered by Judge Allyne R. Ross on 7/10/2012 ) (Guzzi, Roseann) (Entered: 07/12/2012) |
| 08/07/2012 | 63 | Letter *re Discovery* as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth (Capozzolo, Anthony) (Entered: 08/07/2012) |
| 08/07/2012 | 64 | Letter *to Court re Discovery* as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth (Capozzolo, Anthony) (Entered: 08/07/2012) |
| 08/07/2012 | 65 | Minute Entry for proceedings held before Judge Allyne R. Ross: Status Conference as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth held on 8/7/2012. ( Status Conference set for 10/16/2012 at 04:30 PM in Courtroom 8C South before Judge Allyne R. Ross.) Defendant motion briefs due 9/11/12; government response due 9/25/12; any reply due 10/1/12. Hearing set for 10/9/12 at 10:00am. Jury selection and trial set for 11/5/12 at 9:30. Speedy trial information entered from 8/7/12 to 11/5/12. (Court Reporter Tony Mancuso) (Guzzi, Roseann) (Entered: 08/08/2012) |
| 08/07/2012 | 66 | ORDER OF EXCLUDABLE DELAY − Ends of Justice as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth Time excluded from 8/7/12 until 11/5/12. ( Ordered by Judge Allyne R. Ross on 8/7/2012. (Guzzi, Roseann) (Entered: 08/08/2012) |
| 09/11/2012 | 70 | First MOTION to Suppress *Statements* by Stephen D. Tripodi as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth. (Attachments: # 1 Declaration Stephen Tripodi, # 2 Memorandum in Support) (Weil, Michael) (Entered: 09/11/2012) |
| 09/14/2012 | 73 | Letter MOTION to Compel *disclosure of an exhibit and witness list* by Stephen D. Tripodi as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth. (Weil, Michael) (Entered: 09/14/2012) |
| 09/25/2012 | 75 | MEMORANDUM in Opposition re 70 First MOTION to Suppress *Statements* (Attachments: # 1 Exhibit A − Miranda Waiver, # 2 Exhibit B − Waiver of Speedy Arraignment) (Capozzolo, Anthony) (Entered: 09/25/2012) |
| 10/16/2012 | 80 | Minute Entry for proceedings held before Judge Allyne R. Ross: Status Conference as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth held on 10/16/2012. ( Status Conference set for 10/25/2012 at 05:00 PM in Courtroom 8C South before Judge Allyne R. Ross.) (Court Reporter Anthony Frisolone.) (Guzzi, Roseann) (Entered: 10/17/2012) |
| 10/25/2012 | 81 | Minute Entry for proceedings held before Judge Allyne R. Ross: Change of Plea Hearing as to William Taylor held on 10/25/2012, Plea entered by |

| | | | |
|---|---|---|---|
| | | | William Taylor (4) Guilty Count 5 of the superseding indictment. ( Sentencing set for 2/19/2013 at 11:00 AM in Courtroom 8C South before Judge Allyne R. Ross.) Bail continued for defendant. (Court Reporter Lisa Schmid.) (Guzzi, Roseann) (Entered: 11/01/2012) |
| 12/04/2012 | 88 | | Proposed Jury Instructions by USA as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth (Capozzolo, Anthony) (Entered: 12/04/2012) |
| 01/03/2013 | 91 | | Letter *re Jury Charge* as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth (Capozzolo, Anthony) (Entered: 01/03/2013) |
| 07/18/2014 | 105 | | SENTENCING MEMORANDUM by Stephen D. Tripodi as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth (Weil, Michael) (Entered: 07/18/2014) |
| 10/16/2014 | 106 | | Letter *re Sentencing* as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth (Capozzolo, Anthony) (Entered: 10/16/2014) |
| 03/25/2015 | 120 | | Letter *Request* as to William Taylor (Martone, Anthony) (Entered: 03/25/2015) |
| 03/26/2015 | 121 | | MOTION to Travel *submitted on behalf of defendant William Taylor for permission to travel to North Carolina* by William Taylor. (Guzzi, Roseann) (Entered: 03/27/2015) |
| 03/27/2015 | | | ORDER granting 121 Motion to Travel as to William Taylor (4). ( Ordered by Judge Allyne R. Ross on 3/26/2015 ) (Guzzi, Roseann) (Entered: 03/27/2015) |
| 05/07/2015 | 122 | | Second MOTION to Travel by William Taylor. (Martone, Anthony) (Entered: 05/07/2015) |
| 05/08/2015 | 123 | | ORDER granting 122 Motion to Travel as to William Taylor (4). ( Ordered by Judge Allyne R. Ross on 5/7/2015 ) (Guzzi, Roseann) (Entered: 05/08/2015) |
| 06/01/2015 | 124 | | NOTICE OF ATTORNEY APPEARANCE Robert Polemeni appearing for USA. (Polemeni, Robert) (Entered: 06/01/2015) |
| 01/08/2016 | 129 | | Letter *Request* as to William Taylor (Martone, Anthony) (Entered: 01/08/2016) |
| 01/11/2016 | 130 | | ORDER granting re 129 Letter requesting travel as to William Taylor. ( Ordered by Judge Allyne R. Ross, undated ) (Guzzi, Roseann) (Entered: 01/11/2016) |
| 05/09/2016 | 133 | | Letter *Request* as to William Taylor (Martone, Anthony) (Entered: 05/09/2016) |
| 05/10/2016 | 134 | | ORDER as to William Taylor re 133 Letter requesting travel. APPLICATION GRANTED. ( Ordered by Judge Allyne R. Ross on 5/10/2016 ) (Guzzi, Roseann) (Entered: 05/10/2016) |
| 09/21/2016 | | | NOTICE OF SENTENCING HEARING as to William Taylor. Governments brief due two weeks prior to sentencing and defense a week. Sentencing set for 12/5/2016 12:00 PM in Courtroom 8C South before Judge Allyne R. Ross. (LaSalle, Dennis) (Entered: 09/21/2016) |
| 12/01/2016 | | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF SENTENCING HEARING as to William Taylor Sentencing set for 1/25/2017 02:30 PM in Courtroom 8C South before Judge Allyne R. Ross. (LaSalle, Dennis) (Entered: 12/01/2016) |
| 01/03/2017 | 140 | | Letter *RE: Permission to Travel* as to William Taylor (Martone, Anthony) (Entered: 01/03/2017) |
| 01/05/2017 | 141 | | ORDER as to William Taylor re 140 Letter regarding permission to travel. APPLICATION GRANTED. ( Ordered by Judge Allyne R. Ross, undated ) (Guzzi, Roseann) (Entered: 01/05/2017) |
| 01/23/2017 | 144 | | MOTION for Forfeiture of Property *(Proposed Order of Forfeiture)* by USA as to William Taylor. (Attachments: # 1 Proposed Order) (Kedeshian, Claire) (Entered: 01/23/2017) |
| 01/24/2017 | 146 | | ORDER OF FORFEITURE re: 144 Motion for Forfeiture of Property as to William Taylor (4). ( Ordered by Judge Allyne R. Ross on 1/24/2017 ) *3 certified copies mailed interoffice (Guzzi, Roseann) (Entered: 01/24/2017) |
| 01/25/2017 | 151 | | Minute Entry for proceedings held before Judge Allyne R. Ross: Sentencing held on 1/25/2017 for William Taylor (4), Count 5, defendant is sentenced to 3 years Probation; (s) 1, 2, 6−9, dismissed by Government's motion; special assessment fee of $100.00. Court advised defendant of right to appeal. (Court Reporter Michele Lucchese.) (Guzzi, Roseann) (Entered: 01/26/2017) |
| 01/27/2017 | 152 | 24 | JUDGMENT dated 1/25/17 as to William Taylor (4), Count(s) 5, defendant is sentenced to 3 years Probation; special assessment fee of $100.00; fine in the amount of $7,500.00; and restitution in the amount of $4,836.45. Count(s) 1, 2, 6−9, dismissed by Government's motion. Special conditions of supervision.( Ordered by Judge Allyne R. Ross on 1/25/2017 ) (Attachments: # 1 Order of forfeiture attached) (Guzzi, Roseann) (Entered: 01/27/2017) |
| 03/09/2017 | 154 | | SENTENCING MEMORANDUM by Nicholas Farnsworth as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth (Colon, Raymond) (Entered: 03/09/2017) |
| 08/18/2017 | 161 | | AFFIDAVIT/AFFIRMATION by USA as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth (McQuade, Lisa) (Entered: 08/18/2017) |
| 10/04/2017 | 162 | | Certificate of Service by USA as to Stephen D. Tripodi, John Farnsworth, Toni Thomson, William Taylor, Nicholas Farnsworth */ Certificate of Service of Garnishment Documents on the Garnishee* (Laserna, Peter) (Entered: 10/04/2017) |
| 07/25/2018 | 171 | | TRANSFER OF JURISDICTION REQUEST as to William Taylor To/From District of New Jersey. Awaiting acceptance and signature. (Attachments: # 1 Memo) (Wilder, Monia) (Entered: 07/25/2018) |
| 07/31/2018 | 172 | | TRANSFER OF JURISDICTION REQUEST as to William Taylor To District of New Jersey From the Eastern District of New York. Awaiting acceptance and signature. So Ordered by Judge Allyne R. Ross on July 31, 2018. (Williams, Erica) (Entered: 07/31/2018) |
| 08/02/2018 | 175 | | Notice to District of New Jersey of a Transfer of Jurisdiction as to William Taylor. Docket sheet and documents attached. When our court receives the |

| | | | |
|---|---|---|---|
| | | | signed portion of Part 2 of the Transfer Of Jurisdiction Request, we will send you the last charging instrument, the judgment and commitment order and the docket sheet, please include our case number in the subject of the email. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) (Layne, Monique) (Entered: 08/02/2018) |
| 09/10/2018 | <u>177</u> | 34 | TRANSFER OF JURISDICTION REQUEST as to William Taylor From District of New Jersey, is now accepted and signed, dated 8/21/18. (Guzzi, Roseann) (Entered: 09/10/2018) |

PKC:AMC
F.#2010R00640

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X     S U P E R S E D I N G
                                          I N D I C T M E N T
UNITED STATES OF AMERICA

    - against -                              Cr. No. <u>11-143 (S-1)(ARR)</u>
                                          (T. 18, U.S.C., §§ 371,
                                          664, 981(a)(1)(C),
JOHN FARNSWORTH,                          982(a)(7), 1347, 2 and
TONI THOMSON,                             3551 <u>et seq.</u>; T. 21,
WILLIAM TAYLOR,                           U.S.C., § 853(p); T. 28,
STEPHEN TRIPODI and                       U.S.C., § 2461(c); T.
NICHOLAS FARNSWORTH,                      29, U.S.C., §§
                                          186(a)(1), 186(b)(1) and
          Defendants.              186(d)(2))

- - - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

       At all times relevant to this Indictment, unless otherwise indicated:

       1.   The defendants JOHN FARNSWORTH, TONI THOMSON, WILLIAM TAYLOR, STEPHEN TRIPODI and NICHOLAS FARNSWORTH were in the business of trucking construction and demolition debris between construction sites and landfills.

       2.   Prior to June 2007, the defendant JOHN FARNSWORTH controlled Greenwood 2, L.L.C. ("Greenwood"), Rainbow Trucking Corp. ("Rainbow"), Nicholas J, L.L.C. ("Nicholas J") and other trucking companies (the "affiliated trucking companies"), all of which were New Jersey corporations that conducted trucking business in Long Island, New York City, New Jersey and elsewhere.

Greenwood was an unionized trucking business, whereas Rainbow, Nicholas J. and the affiliated trucking companies were non-unionized trucking businesses.

      3.    The defendant JOHN FARNSWORTH appointed individuals, including the defendants NICHOLAS FARNSWORTH and TONI THOMPSON, to act as nominal owners of Greenwood, Rainbow, Nicholas J and the affiliated trucking companies. The defendant JOHN FARNSWORTH managed the daily operations of Greenwood, Rainbow, Nicholas J and the affiliated trucking companies, all of which operated out of the same truck yards and offices, and used the same truck drivers, mechanics and office staff.

      4.    The International Brotherhood of Teamsters, Local 282 ("Local 282"), located in Lake Success, New York, provided union representation to a wide array of construction industry workers in the New York City and Long Island area. Greenwood's truck drivers were represented by Local 282.

      5.    In or about and between April 2008 and May 2010, the defendant STEPHEN TRIPODI was appointed the shop steward for Greenwood. During that time, the defendant JOHN FARNSWORTH, established SDT Hauling, a non-unionized trucking business, under the nominal ownership of the defendant STEPHEN TRIPODI.

      6.    In or about 2010, the defendant WILLIAM TAYLOR was employed full-time as a dispatcher for Greenwood, Rainbow, Nicholas J., SDT Hauling and the affiliated trucking companies.

2

USCA2 10

A.    The Union Benefit Fund Embezzlement Scheme

7.    On or about June 1, 2007, the defendant JOHN
FARNSWORTH, on behalf of Greenwood, entered into a standard form
Collective Bargaining Agreement (the "CBA") with Local 282.  By
doing so, FARNSWORTH was eligible to obtain contracts to haul
construction and demolition debris from sites in New York City
and Long Island, where trucking subcontractors were required to
pay salaries and benefits in accordance with the provisions of
Local 282's CBA.

8.    The CBA was a contract between Greenwood and Local
282 specifying, among other things, that for each hour worked by
one of Greenwood's truck drivers, Greenwood was obligated (1) to
pay that driver a specified hourly amount in excess of thirty
dollars, and (2) to make additional payments to Local 282's
welfare, pension, annuity, job training, and vacation and sick
leave trust funds (the "Union Benefit Funds"), which funds were
governed by Title I of the Employee Retirement Income Security
Act of 1974 ("ERISA").  Greenwood additionally was obligated
periodically to report to Local 282 the number of hours of work
performed by each of its drivers.  For the drivers and their
families to receive the full union health and disability benefits
to which they were entitled, Greenwood had to fully report the
drivers' work hours and make the related payments, as required,
to the Union Benefit Funds.

3

USCA2 11

9.   The CBA's requirements applied to all work that took place, in whole or in part, within the geographical jurisdiction of Local 282, which encompassed the City of New York and Nassau, Suffolk and Richmond Counties ("the CBA Geographical Area").   In addition, the CBA barred Greenwood from operating a non-union company to engage in trucking work in the CBA Geographical Area.

10.   Beginning in June 2007, the defendants JOHN FARNSWORTH, TONI THOMSON, WILLIAM TAYLOR, STEPHEN TRIPODI and NICHOLAS FARNSWORTH, knowingly and falsely underreported the Greenwood drivers' hours by (i) failing to report the actual driver's hours worked and (ii) conducting a substantial portion of their trucking business under the names of non-union companies owned by the defendants JOHN FARNSWORTH, TONI THOMSON, NICHOLAS FARNSWORTH and STEPHEN TRIPODI, including Rainbow, Nicholas J, SDT Hauling and other affiliated trucking companies, in order to avoid making the hourly wage and Union Benefit Funds payments required by the CBA.

11.   As part of the scheme, STEPHEN TRIPODI received over twenty thousand dollars from Rainbow while serving as the Local 282 shop steward at Greenwood.

12.   The embezzlement scheme executed by the defendants JOHN FARNSWORTH, TONI THOMSON, WILLIAM TAYLOR, STEPHEN TRIPODI

USCA2 12

and NICHOLAS FARNSWORTH caused losses to the Union Benefit Funds in excess of five million dollars.

B.    The Local 282 Health Care Plan Fraud Scheme

13.    Local 282 provided health care benefits to its members who met certain criteria (the "Local 282 Health Care Plan").  In order to qualify for health care benefits under the Local 282 Health Care Plan, Local 282 members, among other things, had to work a minimum number of hours as a truck driver. Local 282 provided health care benefits, in part, through Anthem Blue Cross/Blue Shield.

14.    The Local 282 Health Care Plan was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and referenced in Title 18, United States Code, Section 1347.

15.    In or about and between 2009 and 2010, the defendant WILLIAM TAYLOR was not employed as a truck driver and did not work sufficient hours to qualify for health care benefits through the Local 282 Health Care Plan.  During that time, the defendant WILLIAM TAYLOR was fraudulently listed as a union truck driver for Local 282 who was entitled to receive health care benefits through the Local 282 Health Care Plan.

16.    On or about and between March 28, 2009 and February 28, 2010, the defendant WILLIAM TAYLOR caused the submission of medical claims to Anthem Blue Cross/Blue Shield,

5

which resulted in health care benefits being provided to the defendant WILLIAM TAYLOR and his family through the Local 282 Health Care Plan, to which the defendant WILLIAM TAYLOR was not entitled.

COUNT ONE

(Conspiracy to Embezzle from Employee Benefit Plans)

17.   The allegations in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

18.   On or about and between June 1, 2007 and April 15, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN FARNSWORTH, TONI THOMSON, WILLIAM TAYLOR, STEPHEN TRIPODI and NICHOLAS FARNSWORTH, together with others, did knowingly and willfully conspire to embezzle, steal and unlawfully abstract and convert to their own use and the use of one or more others, credits, property and other assets of one or more employee pension benefit plans subject to Title I of ERISA, to wit: the right to collect monies and funds owed to the Union Benefit Funds, contrary to Title 18, United States Code, Section 664.

19.   In furtherance of the conspiracy, and to effect its object, within the Eastern District of New York and elsewhere, the defendants JOHN FARNSWORTH, TONI THOMSON, WILLIAM TAYLOR, STEPHEN TRIPODI and NICHOLAS FARNSWORTH committed and caused to be committed, among others, the following:

6

### OVERT ACTS

(a)  In or about July 2007, the defendant WILLIAM TAYLOR dispatched trucks for Greenwood, Rainbow, Nicholas J and other affiliated trucking companies.

(b)  In or about April 2008, the defendant STEPHEN TRIPODI filed shop steward reports with Local 282.

(c)  On or about November 19, 2009, the defendant TONI THOMSON testified before the New York City Business Integrity Commission.

(d)  On or about January 6, 2010, the defendant NICHOLAS FARNSWORTH testified before the New York City Business Integrity Commission.

(e)  On or about February 2, 2010, the defendant JOHN FARNSWORTH testified before the New York City Business Integrity Commission.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT TWO
(Embezzlement from Employee Benefit Plans)

20.  The allegations in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

21.  On or about and between June 1, 2007 and April 15, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN

7

USCA2 15

FARNSWORTH, TONI THOMSON, WILLIAM TAYLOR, STEPHEN TRIPODI and

NICHOLAS FARNSWORTH, together with others, did knowingly and

willfully embezzle, steal and unlawfully abstract and convert to

their own use and the use of one or more others, credits,

property and other assets of one or more employee pension benefit

plans subject to Title I of ERISA, to wit: the right to collect

monies and funds owed to the Union Benefit Funds.

(Title 18, United States Code, Sections 664, 2 and 3551

et seq.)

COUNT THREE

(Unlawful Payments to a Union Representative)

22. The allegations in paragraphs 1 through 12 are

realleged and incorporated as if fully set forth in this

paragraph.

23. On or about and between April 18, 2008 and May 29,

2009, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant JOHN

FARNSWORTH, being an employer, and persons acting in his

interest, did knowingly and willfully pay, lend and deliver, and

agree to pay, lend and deliver, money and other things of value

in excess of $1,000, to a representative of his employees, to

8

wit: employees of Greenwood, who were employed in an industry affecting commerce, to wit: the trucking industry.

(Title 29, United States Code, Sections 186(a)(1) and 186(d)(2); Title 18, United States Code, Sections 2 and 3551 <u>et seq</u>.)

### COUNT FOUR
(Receipt of Unlawful Payments by a Union Representative)

24.   The allegations in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

25.   On or about and between April 18, 2008 and May 29, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEPHEN TRIPODI, being a representative of one or more employees of an employer, to wit: Greenwood, who were employed in an industry affecting commerce, to wit: the trucking industry, did knowingly and willfully request, demand, receive and accept, and agree to receive and accept, payments, loans, and deliveries of money and other things of value in excess of $1,000, from Greenwood and persons acting in the interest of Greenwood.

(Title 29, United States Code, Sections 186(b)(1) and 186(d)(2); Title 18, United States Code, Section 2 and 3551 <u>et seq</u>.)

9

USCA2 17

## COUNTS FIVE THROUGH NINE
(Health Care Fraud)

26.    The allegations in paragraphs 1 through 16 are realleged and incorporated as if fully set forth in this paragraph.

27.    On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant WILLIAM TAYLOR, together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program, to wit: the Local 282 Health Care Plan, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, the Local 282 Health Care Plan, in connection with the delivery of and payment for health care benefits, items and services:

| Count | Beneficiary | Approximate Date of Service | Approximate Date Claim Paid |
|-------|-------------|------------------------------|------------------------------|
| FIVE  | WJT | 3/28/2009 | 6/9/2009 |
| SIX   | WJT | 7/9/2009  | 7/27/2009 |
| SEVEN | WJT | 10/26/2009 | 2/6/2010 |
| EIGHT | WJT | 11/6/2009 | 2/6/2010 |
| NINE  | WJT | 1/26/2010 | 2/28/2010 |

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

10

USCA2 18

FORFEITURE ALLEGATION FOR COUNTS ONE THROUGH FOUR

      28.   The United States hereby gives notice to the defendants charged in Counts One through Four, that, upon their conviction of any of the offenses charged in this Indictment, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offenses, including but not limited to a sum of money in United States currency, in an amount to be determined at trial.

      29.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

         (a) cannot be located upon the exercise of due diligence;

         (b)  has been transferred or sold to, or deposited with, a third party;

         (c)  has been placed beyond the jurisdiction of the court;

         (d)  has been substantially diminished in value; or

         (e)  has been commingled with other property which cannot be divided without difficulty;

11

USCA2 19

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

### FORFEITURE ALLEGATION FOR COUNTS FIVE THROUGH NINE

30. The United States hereby gives notice to the defendant WILLIAM TAYLOR charged in Counts Five through Nine, that, upon conviction of any of the offenses charged in this Indictment, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, including but not limited to a sum of money in United States currency, in an amount to be determined at trial.

31. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

12

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(2) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(7))

A TRUE BILL

_Valerie A Bell_

FOREPERSON

_Loretta E. Lynch_

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

13

USCA2 21

F. #2010R00640
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*John Farnsworth, Toni Thomson, William Taylor,*
*Stephen D. Tripodi, and Nicholas Farnsworth,*

Defendants.

## INDICTMENT

(T. 18, U.S.C. §§ 371, 664, 981(a)(1)(C), 982(a)(7), 1347, 2
and 3551; T. 21, U.S.C. § 853(p); T. 28, U.S.C. § 2461(c);
T. 29, U.S.C., §§ 186(a)(1), 186(b)(1), and 186(d)(2))

*A true bill.*

_____
Foreman

*Filed in open court this* _____ _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

*Bail, $* _____

*Anthony M. Capozzolo, Assistant U.S. Attorney (718.254.6454)*

USCA2 22

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1.  Title of Case: **United States v. John Farnsworth, Toni Thomson, William Taylor, Stephen D. Tripodi and Nicholas Farnsworth**

2.  Related Magistrate Docket Number(s):

        None ( )

3.  Arrest Date:  **N/A**

4.  Nature of offense(s):     ☒     Felony
                              ☐     Misdemeanor

5.  Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules):

        _____
        _____
        _____
        _____
        _____
        _____

6.  Projected Length of Trial:     Less than 6 weeks     ( X )
                                    More than 6 weeks     (   )

7.  County in which crime was allegedly committed: **Brooklyn, Queens** (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Has this indictment/information been ordered sealed?
    (X) Yes     ( ) No

9.  Have arrest warrants been ordered?
    (X) Yes     ( ) No

                                    LORETTA E. LYNCH
                                    UNITED STATES ATTORNEY

                        By:         _____
                                    Anthony M. Capozzolo
                                    Assistant U.S. Attorney
                                    (718) 254-6454

Rev. 3/22/01

AO 245B (Rev. 11/16)  Judgment in a Criminal Case
Sheet 1

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 27 2017 ★

BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) |
| William Taylor | ) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 11 CR 143 (ARR)

USM Number: 80111-053

Anthony J. Martone, Esq.
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  five of the superseding indictment.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1347 | Health Care Fraud. | 3/8/2012 | 5 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  remaining  ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/25/2017
Date of Imposition of Judgment

/s/(ARR)

Signature of Judge

ALLYNE R. ROSS, U.S.D.J.
Name and Title of Judge

1/25/2017
Date

Case 1:11-cr-00143-ARR-RML Document 175-2 Filed 09/07/17 Page 25 of 34 PageID #: 5714

DEFENDANT:  William Taylor
CASE NUMBER:  11 CR 143 (ARR)

# PROBATION

You are hereby sentenced to probation for a term of :   Three (3) years.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on
     probation and at least two periodic drug tests thereafter, as determined by the court.
         ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future
            substance abuse. *(check if applicable)*
4.   ☐  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.   ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*)
        as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location
        where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.   ☐  You must participate in an approved program for domestic violence. *(check if applicable)*
7.   ☑  You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8.   You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.   If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10.  You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution,
     fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached
page.

AO 245B (Rev. 11/16)     Judgment in a Criminal Case
                         Sheet 4A — Probation

Judgment—Page <u>3</u> of <u>6</u>

DEFENDANT: William Taylor
CASE NUMBER: 11 CR 143 (ARR)

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 11/16)    Judgment in a Criminal Case
                        Sheet 4D — Probation

Judgment—Page __4__ of __6__

DEFENDANT: William Taylor
CASE NUMBER: 11 CR 143 (ARR)

## SPECIAL CONDITIONS OF SUPERVISION

1) Defendant shall comply with the Restitution Order, the Order of Forfeiture and Fine. and shall make full financial disclosure to the Probation Department.

2) It is a condition that the annuity which is being held by the union in the defendant's name will be reverted to the union.

AO 245B (Rev. 11/16)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: William Taylor
CASE NUMBER: 11 CR 143 (ARR)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment\*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 7,500.00 | $ 4,836.45 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Blue Cross and Blue Shield | | $4,836.45 | |

| **TOTALS** | $ _____ | $ _____ |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☑  the interest requirement is waived for the  ☑ fine  ☑ restitution.

　　☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: William Taylor
CASE NUMBER:  11 CR 143 (ARR)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    Defendant shall first make full restitution in the amount of $4836.45, and followed by the forfeiture judgement of
    $4,831.67 after the fine of $7,500.00. All are due immediately and payable at a rate of 10% gross income of per
    month while on supervision. Payments of restitution shall be made to the victims by payments to the Clerk of the
    Court for the Eastern District of New York at 225 Cadman Plaza East Brooklyn, New York 11201.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Case 1:11-cr-00143-ARR-RLM   Document 175-2   Filed 09/01/17   Page 1 of 4 PageID #: 969
Case 1:11-cr-00143-ARR-RLM   Document 146   Filed 01/24/17   Page 1 of 4 PageID #: 561
Case 1:11-cr-00143-ARR-RLM   Document 144-1   Filed 01/23/17   Page 1 of 4 PageID #: 547

SLR:LDM:CSK
F. #2010R00640

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

WILLIAM TAYLOR,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 24 2017 ★

BROOKLYN OFFICE

ORDER OF FORFEITURE

11 CR-143 (S-1) (AAR)

WHEREAS, on October 25, 2012, WILLIAM TAYLOR (the "defendant")

entered a plea of guilty to Count five of the above-captioned indictment, charging a violation of

18 U.S.C. § 1347; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(7), the defendant consents to the entry

of a forfeiture money judgment in the amount of four thousand eight hundred thirty-one dollars

sixty seven cents ($4,831.67) (the "Forfeiture Money"), as property real or personal, that

constitutes or is derived, directly or indirectly, from gross proceeds traceable to his violation of

18 U.S.C. § 1347, and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and

between the United States and the defendant as follows:

    1.     The defendant shall forfeit to the United States the full amount of the

Forfeiture Money Judgment pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p).

    2.     All payments made towards the Forfeiture Money Judgment shall be made

by a money order, or a certified or bank check, payable to "United States Department of

Case 1:11-cr-00143-ARR-RLM   Document 152   Filed 09/01/17   Page 2 of 4 PageID #: 570
Case 1:11-cr-00143-ARR-RLM   Document 146   Filed 01/24/17   Page 2 of 4 PageID #: 562
Case 1:11-cr-00143-ARR-RLM   Document 144-1   Filed 01/23/17   Page 2 of 4 PageID #: 548

2

Treasury," with the criminal docket number noted on the face of the check. The defendant shall

cause said check to be sent by overnight mail delivery to Assistant United States Attorney Claire

Kedeshian United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza

East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full on or

before the date of sentencing (the "Due Date"). If the Forfeiture Money Judgment is not paid in

full on or before the Due Date, interest on the Forfeiture Money Judgment shall accrue at the

judgment rate of interest, as set forth in 18 U.S.C. § 3612(f)(2).

   3.  The defendant shall not file or interpose any claim or assist others to file

or interpose any claim to any property against which the government seeks to execute the

Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall

fully assist the government in effectuating the payment of the Forfeiture Money Judgment. If the

Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any

other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p),

the Federal Debt Collection Procedures Act, or any other applicable law.

   4.  Upon entry of this Order, the United States Attorney General or her

designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P.

32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to

satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of

conviction.

   5.  The defendant knowingly and voluntarily waives his right to any required

notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including

notice set forth in an indictment or information. In addition, the defendant knowingly and

voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or

USCA2 31

Case 1:11-cr-00143-ARR-RLM Document 152 Filed 09/01/17 Page 3 of 4 PageID #: 591
Case 1:11-cr-00143-ARR-RLM Document 146 Filed 01/24/17 Page 3 of 4 PageID #: 563
Case 1:11-cr-00143-ARR-RLM Document 144-1 Filed 01/23/17 Page 3 of 4 PageID #: 549

3

properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due and shall survive bankruptcy.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's

Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
_____, 2017

/s/(ARR)

HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

United States v. William Taylor, 11-CR-143 (S-1) (AAR)
Order of Forfeiture
Page 4

*(Km)*

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
| --- | --- | --- |
| | | 0207 1:11CR00143-004 |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 2:18CR502 (KM) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISEDRELEASEE | DISTRICT | DIVISION |
| --- | --- | --- |
| | Eastern District of New York | Brooklyn |
| William Taylor | NAME OF SENTENCING JUDGE | |
| | The Honorable Allyne R. Ross | |
| | DATES OF PROBATION/ SUPERVISEDRELEASE | FROM | TO |
| | | 1/25/2017 | 1/24/2020 |

| OFFENSE |
| --- |
| 18 USC 1347 HEALTH CARE FRAUD |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ EASTERN _____ DISTRICT OF _____ NEW YORK _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the DISTRICT OF NEW JERSEY upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

7/31/2018
_____
Date

/s/ ARR
_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF _____ NEW JERSEY _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

8/21/2018
_____
*Effective Date*

_____
*United States District Judge*

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
ATTEST          8/29/18
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By: _____
Deputy Clerk

USCA2 34